1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONNIE LOZA,

11              Plaintiff,                    No. CIV S-02-1558 GEB KJM P

12        vs.

13   M.C. KNOWLES, et al.,

14              Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16             Plaintiff is a former state prison inmate proceeding pro se with a civil rights

17   action under 42 U.S.C. § 1983.  On January 30, 2006, the court filed an order establishing a

18   schedule for pretrial proceedings and for trial in this case.  The order directed plaintiff to file his

19   pretrial statement on or before October 13, 2006; plaintiff was warned that failure to comply

20   might result in the imposition of sanctions, including dismissal of the action for failure to adhere

21   to court orders under Federal Rule of Civil Procedure 41(b) and for failure to prosecute.

22             On November 30, 2006, the court directed plaintiff to show cause why this action

23   should not be dismissed for plaintiff's failure to comply with this court's January 30, 2006 order.

24   Plaintiff has not responded to the court's order.

25             "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

26   an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

1   1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for

2   failure to comply with a court order the district court must weigh five factors including: '(1) the

3   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

4   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

5   their merits; and (5) the availability of less drastic alternatives.'" Id. at 1260-61 (quoting

6   Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

7   F.3d 52, 53 (9th Cir. 1995).

8           In determining to recommend that this action be dismissed, the court has

9   considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly

10  support dismissal of this action. The action has been pending for four years and has reached the

11  stage, set by the court's scheduling order of January 30, 2006, for preparation for pretrial

12  conference and jury trial. (See Scheduling Order, filed 1/30/06.) Plaintiff's failure to comply

13  with the Local Rules and the court's November 30, 2006 order suggests that he has abandoned

14  this action and that further time spent by the court thereon will consume scarce judicial resources

15  in addressing litigation which plaintiff demonstrates no intention to pursue.

16          The fifth factor also favors dismissal. The court has advised plaintiff of the

17  requirements of the Local Rules and has warned him that his failure to comply with the court's

18  orders would result in a recommendation of dismissal. The court finds no suitable alternative to

19  dismissal of this action. Ortiz-Rivera v. Municipal Government of Toa Alta, 214 F.R.D. 51 (D.

20  P.R. 2003) (disregard of scheduling orders "robs them of their utility" and justifies dismissal);

21  Fed. R. Civ. P. 16(f).

22          Under the circumstances of this case the third factor, prejudice to defendants from

23  plaintiff's failure to file his pretrial statement, should be given some weight. Ferdik, 963 F.2d at

24  1262. The pretrial statement is an aid to simplifying the issues and identifying undisputed

25  factual issues before the pretrial order is prepared and ultimately before trial. Plaintiff's failure

26  /////

to file his pretrial statement raises the real possibility of an unnecessarily long trial for the defendants, himself and the court.  <u>Joseph v. United States</u>, 121 F.R.D. 406, 412 (D. Haw. 1988).

For the reasons set forth above, the first, second, third, and fifth factors strongly support dismissal and the fourth factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 8, 2007.

_____
U.S. MAGISTRATE JUDGE

2

loza1558.46f&r